1 | Frieda K. Zimmerman
Assistant Attorney General
2 | 1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
3 | (509) 456-6390

THE HONORABLE THOMAS O. RICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| CHRISTI LYNN GALLOP and EDWARD ALAN MONK, | NO. 4:18-cv-05185-TOR |
|---|---|
| Plaintiffs, | WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5) |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE, THE MATRIX COMPANIES, STANLEY BASTIAN, et al., | **WITHOUT ORAL ARGUMENT** **JANUARY 24, 2019** **6:30 P.M.** |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), the Washington State Defendants move this Court for an order dismissing Plaintiff Christi Lynn Gallup and Edward Allan Monk's claims against them in their entirety.[1] The allegations fail to state a claim against the Washington State

---

[1] Defendants previously filed essentially the same motion in Benton County Court, but the case was removed to this Court by the United States Attorney's

WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5)

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

Defendants upon which relief can be granted. Even if a legally sufficient claim had been alleged, the individual defendants would be entitled to qualified immunity. Further, Plaintiffs did not comply with the tort claim requirements of RCW 4.92.110. Lastly, Plaintiffs have not served the Washington State Defendants in compliance with RCW 4.92.020 with the initial Complaint (filed 9/17/18) or the second Complaint[2] (hereinafter "Amended Complaint") (filed 10/18/18).

## I.  ARGUMENT

### A.  Plaintiffs Fail To State A Claim On Which Relief Can Be Granted.

Plaintiffs' claims are also subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a court

---

Office prior to the motion being heard. Defendants are thus filing this updated motion that includes federal citations.

[2] This second Complaint is 29 pages and is dated October 15, 2018. The Benton County Court Docket in the Oddessey Portal referred to this document as an Amended Complaint. Although the title in the caption of that document is simply "Complaint," Washington State Defendants will refer to that document as the "Amended Complaint" given that it was listed that way on the Benton County Court Docket.

WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5)

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

must dismiss the complaint if it "fail[s] to state a claim upon which relief can be granted."

In deciding a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the plaintiff and draws all reasonable inferences in the plaintiff's favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). Thus, a court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court may disregard legal conclusions couched as factual allegations. *See id.*

To survive a Rule 12(b)(6) motion, the complaint must contain "*some viable legal theory*" and provide "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 562 (2007) (internal quotation marks and ellipsis omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, the complaint must be sufficiently specific to give notice of both the fact of the claim and the nature of the claim.

In the Amended Complaint, Plaintiffs make broad claims regarding a RICO enterprise engaged in a denial of benefits scheme. Amended Complaint at 2. Governor Jay Inslee and Attorney General Bob Ferguson are specifically named, and the Governor's Office, the Attorney General's Office, DSHS, DCYF, and the Office of Insurance Commissioner (OIC) are all generally alleged to be

involved in the "RICO enterprise" and are included as "Parties In Fact or After the Fact." Amended Complaint at 3, 6.  Plaintiffs also allege that the Attorney General and Governor were accessories after the fact in a scheme to defraud and deprive Plaintiffs of their property, freedom, and rights under color of law. Amended Complaint at 7.  While there are general allegations of "multiple refusals or acts documented by many officials that have acted to supported [sic] the RICO crime syndicate goals" including "both the Governor and AG of Washington State," Amended Complaint at 2, no such acts are specifically described. Governor Jay Inslee and Attorney General Bob Ferguson are also included in the list of "Documented Human Rights Violations In This Case." Amended Complaint at 14.  However, Plaintiffs' Complaint does not contain specific facts regarding the conduct of either individual. It is not entirely clear whether any other individuals mentioned in the caption are alleged to be affiliated with the State.[3]

---

[3] For example, Plaintiffs' first Complaint described Defendant Hunt as a "possible WA State DSHS employee." Compliant at 92. However, the Amended Complaint does not include this description and states that "[t]he Hunt woman may be Leslie Gail McAnallen." Amended Complaint at 17. Additionally, at this point none of the allegations regarding Defendant Hunt appear to relate to any conduct within the course and scope of employment with a state agency.

WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5)

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123

The Amended Complaint also includes allegations that the "OIC was involved in targeting Christi Gallup the victim of a fraudulent insurance denial of benefits scheme," and that the "OIC actively engaged with the crime syndicate members running the RICO enterprise." Amended Complaint at 2, 3. However, no specific details or actions are provided. Plaintiffs also allege a cause of action arising out of complaints made to the Office of the Insurance Commissioner and that the Governor, Attorney General, and Insurance Commissioner failed to "protect a known crime victim and protected adults from retaliation." Amended Complaint at 12, 20.

None of these general allegations constitute a legally sufficient claim. There are no allegations of any specific actions taken by individuals or government agencies as a whole. To the extent that Plaintiffs allege that OIC or other state offices failed to take some action, the public duty doctrine generally protects government from liability for regulatory "acts of omission," like where a program "failed to prevent" the harm which befell plaintiff. *See Coffel v. Clallam Cnty.*, 47 Wn. App. 397, 735 P.2d 686 (1983); *Robb v. City of Seattle*, 176 Wn.2d 427, 432, 295 P.3d 212, 215 (2013); *Logan v. Weatherly*, 2006 WL 1582379, at *4 (E.D. Wash. June 6, 2006). Since Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and fails to provide adequate notice of the nature of said claims, the claims against the Washington State Defendants should be dismissed.

WASHINGTON STATE
DEFENDANTS' MOTION AND
MEMORANDUM TO DISMISS
PURSUANT TO 12(b)(6) AND 12(b)(5)

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

**B.    Washington State Defendants are Entitled To Qualified Immunity.**

Governor Jay Inslee and Attorney General Bob Ferguson are governmental officials who are entitled to qualified immunity when performing discretionary functions. *Friends of Moon Creek v. Diamond Lake Improvement, Ass'n, Inc.*, 409 P.3d 1084, 1089 (Wash. Ct. App. 2018); *see also*, *Lassetter v. Brand*, 2011 WL 4712188, at *2 (W.D. Wash. Oct. 4, 2011)(Attorney General protected from suit by prosecutorial immunity for discretionary charging decisions); *Willett v. Inslee*, 2014 WL 6473683, at *5 (E.D. Wash. Nov. 18, 2014)("Governor has qualified immunity for his discretionary actions, such as enforcing the laws"). Although the allegations in the Amended Complaint are not specific, qualified immunity would apply to any discretionary actions taken by Governor Inslee or Attorney General Ferguson.

**C.    Plaintiffs Did Not Comply With RCW 4.92.100.**

Before commencing suit against a state entity in Washington, a plaintiff is required to file a standard tort claim notice with the appropriate entity. "All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, must be presented to the office of risk management." RCW 4.92.100. "No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim

is presented to the office of risk management in the department of enterprise services." RCW 4.92.110.

"The purpose of claim filing statutes is to allow government entities time to investigate, evaluate, and settle claims." *Lee v. Metro. Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014) (internal quotation marks omitted). Substantial compliance with the relevant claim filing statute—meaning that the "statute has been followed sufficiently so as to carry out the intent for which the statute was adopted"—is sufficient. *Id.* at 967–68, 335 P.3d 1014. Failure to substantially comply with the statutory notice filing provisions deprives the court of subject matter jurisdiction, *Schoonover v. State*, 116 Wn. App. 171, 177, 64 P.3d 677 (2003), and is grounds for dismissal, *Reyes v. City of Renton*, 121 Wn. App. 498, 502, 86 P.3d 155 (2004); *see also*, *Matter of Det. of C.V.*, 428 P.3d 407 (Wash. Ct. App. 2018)("Dismissal is the proper remedy for a substantive claim that does not comply with the procedural requirements of RCW 4.92.100 and RCW 4.92.110.").

Plaintiffs filed the present litigation without filing a tort claim. After Defendants brought their initial motion to dismiss in state court, Mr. Monk did file a tort claim on November 9, 2018. However, this lawsuit is still not in compliance with RCW 4.92.110, since Plaintiffs filed the lawsuit before filing a tort claim rather than filing a claim and waiting the statutorily required sixty days. Since Plaintiffs did not comply with RCW 4.92.110, dismissal of their claims against the state entities is appropriate.

WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5)

7

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
509-456-3123

**D.     The Action Against Washington State Defendants Should Be Dismissed Pursuant To 12(B)(5) For Insufficiency Of Process.**

Under RCW 4.92.020, serving the State in a civil action must be accomplished by service on the Attorney General or by leaving the summons and complaint in the Office of the Attorney General with an assistant attorney general. *Landreville v. Shoreline Community College District No. 7*, 53 Wn. App. 330, 766 P.2d 1107 (1989). Additionally, service upon individual defendants must be made personally or through "abode service." RCW 4.28.080(15); CR 4(d)(2). In this case, Plaintiff has not done either. The causes of action against the Washington State Defendants should be dismissed for insufficient process.

## II.     CONCLUSION

For the reasons discussed above, Defendants respectfully request this Court dismiss Plaintiffs' claims against Washington State Defendants in their entirety.

DATED this 30th day of November, 2018.

ROBERT W. FERGUSON
Attorney General

　　　s/Frieda K. Zimmerman
Frieda K. Zimmerman, WSBA No. 46541
Assistant Attorney General
Attorneys for Defendants
1116 W. Riverside, Suite 100
Spokane WA  99201
509-456-3123 - Telephone
(509) 456-6390
FriedaZ@atg.wa.gov

## PROOF OF SERVICE

I certify that I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| |
|---|
| P. Craig Walker, Shea C. Meehan, Bret Uhrich<br>Walker Heye Meehan & Eisinger, PLLC<br>1333 Columbia Park Trail, Suite 220<br>Richland, WA 99352<br>buhrich@walkerheye.com<br>smeehan@walkerheye.com |
| Joel R. Comfort, WSBA #31477<br>Miller, Mertens & Comfort, PLLC<br>1020 North Center Parkway, Suite B<br>Kennewick, Washington 99336<br>Telephone: (509)374-4200<br>Fax: (509)374-4229<br><br>jcomfort@mmclegal.net |
| Lisa Beaton<br>Kennewick City Attorney<br>210 W. Sixth Ave.<br>P.O. Box 6108<br>Kennewick, WA 99336<br>Lisa.beaton@ci.kennewick.wa.us |
| Eric T. Andrews<br>Deputy Prosecuting Attorney, Civil<br>7122 W. Okanogan Place, Bldg. A<br>Kennewick, WA 99336<br>Eric.andrews@co.benton.wa.us |

> Rudolph J. Verschoor
> United States Attorney's Office
> 920 W. Riverside Ave., Room 340
> Spokane, WA 99201
> usawae.rverschoorecf@usdoj.gov

and by US Mail to the following not registered as ECF recipients:

> Christi Lynn Gallup
> Edward Alan Monk
> 1208 W. Canyon Lakes Drive
> Kennewick, WA 99337

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of November, 2018.

> ROBERT W. FERGUSON
> Attorney General
>
>    s/Frieda K. Zimmerman
> Frieda K. Zimmerman, WSBA No. 46541
> Assistant Attorney General
> Attorneys for Defendants
> 1116 W. Riverside, Suite 100
> Spokane WA  99201
> Telephone (509) 456-6390
> FriedaZ@atg.wa.gov

WASHINGTON STATE DEFENDANTS' MOTION AND MEMORANDUM TO DISMISS PURSUANT TO 12(b)(6) AND 12(b)(5)

10

ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA  99201-1106
509-456-3123