UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHRISTI LYNN GALLUP and
EDWARD ALAN MONK,

                Plaintiffs,

  v.

RELIANCE STANDARD LIFE
INSURANCE, et al.,

                Defendants.

NO. 4:18-CV-5185-TOR

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

BEFORE THE COURT are Washington State Defendants' Motion to Dismiss (ECF No. 3), Benton County Defendants' Motion to Dismiss (ECF No. 9), Federal Defendants' Motion to Dismiss (ECF No. 10), Defendant Judge Bastian's Motion to Dismiss (ECF No. 15), and Canyon Lakes Property Owners Association and Members' Motion to Dismiss (ECF No. 16). These matters were heard without oral argument. The Court has reviewed the record and files herein, and is

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS ~ 1

fully informed. For the reasons discussed below, Defendants' Motions to Dismiss are **GRANTED**.

## BACKGROUND

On October 18, 2018, Plaintiff Edward Alan Monk, proceeding *pro se*, filed an Amended Complaint[1] in Benton County Superior Court against numerous state and federal agencies, employees, other individuals, and private entities. ECF No. 1-1 at 83-111. Edward Alan Monk claims to represent the interests of Christi Lynn Gallup, ECF No. 1-1 at 83, but he is not her lawyer, nor does he have any authority to represent her interests in this proceeding. Plaintiff asserts claims against 41 different named defendants, including 5 federal agencies, 7 individual federal defendants, and the United States of America. *See* ECF No. 1-1 at 85.

On November 23, 2018, the case was removed to federal court. ECF No. 1. Notice of Removal was provided to the Benton County Superior Court on November 30, 2018. In November and December, all these motions to dismiss were filed and served. Plaintiff has not submitted a response to any of the motions. The United States filed three certifications of scope of employment (ECF Nos. 5,

---

[1] Plaintiff labeled the pleading "Complaint," but it is listed as "Amended Complaint" on the Benton County Court Docket. The Court will refer to it as the "Amended Complaint."

6, 14) and was substituted as a party Defendant in place of individual federal defendants Ryan Johnsen, Philip M. Pro, and Stanley Bastian. *See* ECF Nos. 19, 20.

**JURSIDICTION**

This Court has jurisdiction of this suit because it is an action against officers and agencies of the United States, 28 U.S.C. §§ 1346, 1361, and 1442, the allegations against all defendants arise under the Constitution and laws of the United States, 28 U.S.C. § 1331, and any other state tort claims are interrelated to those claims, 28 U.S.C. § 1367(a).

**FACTS**

The following facts are drawn from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motions only. This case appears to arise from two events—the discontinuation of insurance benefits for Christi Gallup in 2017 by Reliance Standard Life Insurance Company, one of the named defendants in this case, and the 1993 criminal prosecution of Plaintiff Monk in the United States District Court for the District of Nevada. ECF No. 1-1 at 87-88, 98, 107. Plaintiff alleges that all the Defendants, through their conduct and involvement in these events, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), perpetrated a vast criminal conspiracy, and violated Plaintiff's civil rights.

Plaintiff identifies two unlawful RICO enterprises in the Amended Complaint—the "Denial of Benefits fraud scheme," relating to the denial of Christi Gallup's insurance benefits, and the "RICO crime syndicate of Las Vegas Nevada," relating to Plaintiff Monk's criminal trial and conviction in the District of Nevada. *Id*. at 88, 98. Plaintiff complains that he is a protected crime victim that was targeted in retaliation for seeking lawful recovery for his losses. *Id*. at 84, 95. Plaintiff alleges that the federal and state employees and agencies participated in both enterprises.

Even though Plaintiff admits that Christi Gallup's benefit payments are current, he complains that the denial of benefits was part of a larger "Denial of Benefits (DOB) fraud scheme" developed and operated by the "Golden Triad of corporations of RSLI, Matrix, Ascena." *Id*. at 85, 88, 90-91. Plaintiff describes this as a multi-tiered process scheme defrauding benefits from probably hundreds of lawful beneficiaries. *Id*. at 91.

Plaintiff complains that the Washington State Office of the Insurance Commissioner (Mike Kreidler), the Attorney General, and the Governor's Offices became members of the RICO crime syndicate after the fact when they "refused to do their duty to protect consumers from insurance fraud" and by "break[ing] into our home." *Id*. at 94 (capitalization removed). Plaintiff contends the members illegally entered his home, stole documents, plant-controlled substances, collected

illegal information planted forged and fabricated documentation and evidence. *Id*. at 94-95.

Plaintiff contends these "bad actors" have been abusing high power microwave weapons to literally cook him and Christi Gallup, in an attempted murder that only luckily severely injured both. *Id*. at 96. Plaintiff complains that the crime syndicate members are using an "electronic game of Russian Roulette" "electronically surveilling our home" which interfered with the insulin pump and "almost caused Christi to die." *Id*.

Next, Plaintiff complains that the RICO gang members have escalated issues of an encroachment and covenant enforcement with the Canyon Lakes Property Owners' Association by defaming him in a plan to murder him. *Id*. at 98-99. Plaintiff complains that a neighbor unlawfully blocked his driveway with her car. *Id*. at 99. Plaintiff complains that the Kennewick Police Chief and the Benton county Superior Courts allowed laws to be broken by the Golden Triad members by their inaction and refusal to enforce the law. *Id*. at 100-01. Plaintiff alleges a Benton County Superior Court Judge and the Benton County Prosecuting Attorney are involved in the RICO crime syndicate scheme. *Id*. at 84.

Plaintiff complains that Golden Triad members stole his front door lockset, broke into his home, unlawfully accessed his laptop and installed access software to allow illegal monitoring. *Id*. at 101. He explains that he eventually prevented

the burglars from entering by changing his locks. *Id*. He complains that the city and county prosecutors have failed to protect him, ECF No. 103, and that the County Prosecutor, Chief of Police, City Attorney, and U.S. Marshal Inspector interfered with an investigation of his case. *Id*. at 106.

Plaintiff contends his criminal conviction from 1993 should be voided. *Id*. at 107. In 2017, over twenty years after his 1993 trial and conviction in the District of Nevada, Plaintiff Monk filed various motions for post-conviction relief in the United States District Court for the Eastern District of Washington. Judge Bastian characterized the motions as motions to vacate Plaintiff Monk's sentence pursuant to 28 U.S.C. § 2255 or, alternatively, a petition for writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651. *See* 2:93-MJ-04001-SAB (August 17, 2017). Judge Bastian ultimately concluded that, under either construction, the motions must be denied for lack of jurisdiction.

Plaintiff seeks damages for the injuries sustained over the last two years in the amount of $50 million for the RICO violations, as well as over $292 million to compensate for the various additional claims alleged in the Amended Complaint. ECF No. 1-1 at 85, 110-11. Plaintiff also demands $360 million for punitive damages. *Id*. at 111.

//

//

## DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

//

//

## B. The United States and its agencies

It is axiomatic that the United States may not be sued without its consent, and that the existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The United States has not waived it sovereign immunity for alleged civil rights or constitutional violations. *Id.* at 477-78. While the United States has consented to a limited waiver of its sovereign immunity with respect to tort claims, 28 U.S.C. § 1346(b)(1), suit must be preceded by the filing of an administrative claim, 28 U.S.C. § 2675(a). No such administrative claim has been filed here.

Thus, the United States and all its agencies are dismissed from this suit.

## C. Judges and Prosecutors

Plaintiff has named three judges as defendants. The United States has been substituted as a party defendant for the two federal judges in accordance with the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 6, Pub. L. 100-694, 102 Stat 4563 (1988), 28 U.S.C. § 2679(d)(1). The United States is allowed to assert any defense which would otherwise have been available to the employee. 28 U.S.C. § 2674 ¶3.

A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.

*Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[P]rosecutors and judges have absolute immunity for any act performed in their prosecutorial and judicial capacities. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 430 (9th Cir. 2010) (citing *Stump* (judicial immunity) and *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity)). Plaintiff has alleged no facts outside performance of these defendants' prosecutorial and judicial functions.

Thus, the three judges and two named prosecutors (former Assistant U.S. Attorney Savett and Benton County Prosecutor Andy Miller) are dismissed from this suit.

**D. Remaining Defendants Moving for Dismissal**

While Plaintiff specifically names numerous other defendants and lodges sweeping accusations against them, Plaintiff's Amended Complaint is devoid of any facts demonstrating how the named defendants each personally acted unlawfully. The Amended Complaint is replete with legal conclusions, recitations of numerous claims, rote statements of wrongs, but nowhere does Plaintiff provide any factual basis to support these legal conclusions or claims.

The Rule 8 pleading standard does not require detailed factual allegations, but it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S.

at 557. A laundry list of claims does not establish a cause of action.

For instance, Plaintiff's RICO claims are completely devoid of the factual allegations necessary to establish the elements of the claim. It is wholly inadequate to claim that certain defendants "were accessories after the fact in this scheme to defraud and deprived both Christi Gallup and Edward Monk of their property, freedom, and rights under color of law."

Plaintiff's Amended Complaint does not contain factual content that allows the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged. Plaintiff's claims are conclusory allegations and are not supported by facts, nor reasonable deductions and inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff alleges no specific acts by any defendant to raise the right to relief above the speculative level. Plaintiff makes assertions that certain defendants intentionally refused to act but do not allege a personal duty or provide sufficient factual matter to show a breach of that duty.

Therefore, the Court dismisses all remaining claims against all Defendants who have moved for dismissal.

**E. Federal Defendants**

Defendant United States' motion to dismiss provided notice to the Plaintiff and requested the Court to consider its arguments for dismissal with respect to

Defendants Rod Rosenstein, Robert J. Mueller, James Comey, and James S. Savett, who have not yet made appearances and have not yet been substituted out of the case in favor of the United States. ECF No. 10 at 7 n.7. A trial court may dismiss a claim *sue sponte* under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Of course, the district court must give notice of its *sua sponte* intention to dismiss and provide the plaintiff with "an opportunity to at least submit a written memorandum in opposition to such motion." *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015) (quoting *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)). Notice has been provided to the Plaintiff by the United States' motion and Plaintiff had the opportunity to submit a written opposition to the motion. Plaintiff did not respond, whatsoever.

Here, Defendant United States' arguments for dismissal, and this Court's findings supporting dismissal, apply equally to those individual federal Defendants who have not yet made appearances in this case. They too, will be dismissed.

**F. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir.

2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Lopez*, 203 F.3d at 1124.

For the reasons stated, the Court finds that Plaintiff cannot prevail on his claims against these Defendants, and it would be futile to give Plaintiff another opportunity to amend his already Amended Complaint. The Court determines that there are no set of facts Plaintiff could allege to overcome immunity or to state a plausible cause of action.

Plaintiff has been served with all the motions to dismiss and did not respond to a single one. Plaintiff was thus on notice, but refused to defend his inadequate filings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Washington State Defendants' Motion to Dismiss (ECF No. 3) is **GRANTED**. Defendants Governor Jay Inslee, Attorney General Bob Ferguson, the Governor's Office, the Attorney General's Office, DSHS-DCYF Offices, the Office of Insurance Commissioner (OIC), and Mike Kreidler are **DISMISSED** and the Clerk of Court shall terminate them from the docket in this case.

2. Benton County Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**. Defendants Benton County Prosecutor Andy Miller, Benton County Superior Court Judge Joseph Burrowes, and Benton County Superior Court are **DISMISSED** and the Clerk of Court shall terminate them from the docket in this case.

3. Federal Defendants' Motion to Dismiss (ECF No. 10) is **GRANTED**. Defendants United States, the Department of Justice, the Federal Bureau of Investigation, the U.S. Marshal Service, the U.S. Court, the United States Attorney's Office, James Comey, Ryan Johnsen, Robert J. Mueller, Philip M. Pro, Rod Rosenstein, and James S. Savett, are **DISMISSED** and the Clerk of Court shall terminate them from the docket in this case.

4. Defendant Judge Bastian's Motion to Dismiss (ECF No. 15) is **GRANTED**. Judge Bastian is **DISMISSED** and the Clerk of Court shall terminate him from the docket in this case.

5. Canyon Lakes Property Owners Association and Members' Motion to Dismiss (ECF No. 16) is **GRANTED**. Defendant Canyon Lakes Property Owners Association, along with their members Todd Sprong and Jerry Martin are **DISMISSED** and the Clerk of Court shall terminate them from the docket in this case.

6. Handling this case on a piecemeal basis would be a huge disservice to the just, speedy, and inexpensive determination of this action, for the parties and the judiciary and thus, the Court declines to enter a judgment at this time, on fewer than all the claims, rights, and liabilities of the multiple parties. Fed. R. Civ. P. 54(b).

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** February 26, 2019.



THOMAS O. RICE
Chief United States District Judge