UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTI LYNN GALLUP and EDWARD ALAN MONK,<br><br>                 Plaintiffs,<br><br>   v.<br><br>RELIANCE STANDARD LIFE INSURANCE, et al.,<br><br>               Defendants. | NO. 4:18-CV-5185-TOR<br><br>ORDER GRANTING KENNEWICK DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is the Kennewick Defendants' (Kennewick Attorney Office, City of Kennewick Police Department, City of Kennewick Police Chief, Ken Hohenberg, and Kennewick City Attorney, Lisa Beaton) Motion to Dismiss (ECF No. 23). This matter was heard without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Kennewick Defendants' Motion to Dismiss (ECF NO. 23) is **GRANTED**.

//

ORDER GRANTING KENNEWICK DEFENDANTS' MOTION TO DISMISS ~ 1

## BACKGROUND

On October 18, 2018, Plaintiff Edward Alan Monk, proceeding *pro se*, filed an Amended Complaint[1] in Benton County Superior Court against numerous state and federal agencies, employees, other individuals, and private entities. ECF No. 1-1 at 83-111. Edward Alan Monk claims to represent the interests of Christi Lynn Gallup, ECF No. 1-1 at 83, but he is not her lawyer, nor does he show any authority to represent her interests in this proceeding. Plaintiff asserts claims against 41 different named defendants, including 5 federal agencies, 7 individual federal defendants, and the United States of America. *See* ECF No. 1-1 at 85.

On November 23, 2018, the case was removed to federal court. ECF No. 1. Notice of Removal was provided to the Benton County Superior Court on November 30, 2018. The United States filed three certifications of scope of employment (ECF Nos. 5, 6, 14) and was substituted as a party Defendant in place of individual federal defendants Ryan Johnsen, Philip M. Pro, and Stanley Bastian. *See* ECF Nos. 19, 20. In November and December, several of the named

---

[1]      Plaintiff labeled the pleading "Complaint," but it is listed as "Amended Complaint" on the Benton County Court Docket. The Court will refer to it as the "Amended Complaint."

defendants moved to dismiss this action. Plaintiff did not submit a response to any of the motions.

On February 26, 2019, the Court granted the Washington State Defendants' Motion to Dismiss (ECF No. 3), Benton County Defendants' Motion to Dismiss (ECF No. 9), Federal Defendants' Motion to Dismiss (ECF No. 10), Defendant Judge Bastian's Motion to Dismiss (ECF No. 15), and Canyon Lakes Property Owners Association and Members' Motion to Dismiss (ECF No. 16). ECF No. 21. In granting the motions, the Court dismissed the named defendants from this suit and directed the Clerk of Court to terminate those defendants from the docket. *Id*. The Court then entered a separate Order directing Plaintiffs to show cause as to why the various defendants who had not been served should not be dismissed for failure to properly serve them. ECF No. 22. Plaintiffs submitted no response to the Court's Order to Show Cause nor proof of timely service. As a result of Plaintiffs' failure to respond, on March 12, 2019, the Court dismissed without prejudice the remaining named defendants who had not been served in this suit. ECF No. 24. Currently, only the Kennewick Defendants remain on the docket in this case.

On February 26, 2019, the Kennewick Defendants filed a motion to dismiss, arguing that Plaintiffs' Amended Complaint fails to state a claim upon which relief

can be granted.  ECF No. 23 at 2.  The Court now turns to the merits of the Kennewick Defendants' pending motion.

## JURSIDICTION

This Court has jurisdiction in this suit because the allegations against all defendants arise under the Constitution and laws of the United States, 28 U.S.C. § 1331, and any other state tort claims are interrelated to those claims, 28 U.S.C. § 1367(a).

## FACTS

The following facts are drawn from Plaintiff's Amended Complaint and are accepted as true for purposes of the instant motion only.  This case appears to arise from two events—the discontinuation of insurance benefits for Christi Gallup in 2017 by Reliance Standard Life Insurance Company, one of the named defendants in this case, and the 1993 criminal prosecution of Plaintiff Monk in the United States District Court for the District of Nevada.  ECF No. 1-1 at 87-88, 98, 107.  Plaintiff alleges that the Kennewick Defendants, through their conduct and involvement in these events, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), perpetrated a vast criminal conspiracy, and violated Plaintiff's civil rights.

Plaintiff identifies two unlawful RICO enterprises in the Amended Complaint—the "Denial of Benefits fraud scheme," relating to the denial of Christi

Gallup's insurance benefits, and the "RICO crime syndicate of Las Vegas Nevada," relating to Plaintiff Monk's criminal trial and conviction in the District of Nevada. *Id*. at 88, 98. Plaintiff complains that he is a protected crime victim that was targeted in retaliation for seeking lawful recovery for his losses. *Id*. at 84, 95. Plaintiff alleges that the federal and state employees and agencies participated in both enterprises.

Even though Plaintiff admits that Christi Gallup's benefit payments are current, he complains that the denial of benefits was part of a larger "Denial of Benefits (DOB) fraud scheme" developed and operated by the "Golden Triad of corporations of RSLI, Matrix, Ascena." *Id*. at 85, 88, 90-91. Plaintiff describes this as a multi-tiered process scheme defrauding benefits from probably hundreds of lawful beneficiaries. *Id*. at 91.

Plaintiff complains that the Kennewick City Attorney and Police Department are accessories after the fact in the RICO scheme to defraud and deprive Plaintiffs of their property, freedom, and rights under color of law. *Id*. at 89. Plaintiff contends that the Kennewick Police Department conducted an unlawful investigation, assisted in the denial of benefits scheme, failed to protect Plaintiffs, and intentionally concealed, altered, or destroyed police reports. *Id*. at 85, 95, 100, 101, 102. Plaintiff accuses Kennewick City Attorney, Lisa Beaton, and her office of being accessories after the fact in the RICO denial of benefits fraud scheme. *Id*.

at 89.  Plaintiff claims the Kennewick City Police Department and "City Attorney" interfered with a Benton County Sheriff Office investigation.  ECF No. 1-1 at 106.

Additionally, Plaintiff contends the Kennewick Defendants, along with other "bad actors of our government," have been abusing high power microwave weapons to literally cook him and Christi Gallup, in an attempted murder that only luckily severely injured both.  *Id*. at 95-96.  Plaintiff complains that the crime syndicate members are using an "electronic game of Russian Roulette" "electronically surveilling our home" which interfered with the insulin pump and "almost caused Christi to die."  *Id*. at 96.

Plaintiff seeks damages for the injuries sustained over the last two years in the amount of $50 million for the RICO violations, as well as over $292 million to compensate for the various additional claims alleged in the Amended Complaint.  ECF No. 1-1 at 85, 110-11.  Plaintiff also demands $360 million for punitive damages.  *Id*. at 111.

## DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

## B. Kennewick Defendants

While Plaintiff specifically names the Kennewick Defendants and lodges sweeping accusations against them, Plaintiff's Amended Complaint is devoid of any facts demonstrating how the Kennewick Defendants acted unlawfully. The Amended Complaint is replete with legal conclusions, recitations of numerous claims, rote statements of wrongs, but nowhere does Plaintiff provide any factual basis to support these legal conclusions or claims.

The Rule 8 pleading standard does not require detailed factual allegations,

but it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. A laundry list of claims does not establish a cause of action.

Regarding Plaintiff's allegations against the Kennewick Defendants, Plaintiff's RICO claims are completely devoid of the factual allegations necessary to establish the elements of the claim. As this Court stated previously, it is wholly inadequate to claim that certain defendants, including the named Kennewick Defendants, "were accessories after the fact in this scheme to defraud and deprived both Christi Gallup and Edward Monk of their property, freedom, and rights under color of law," without providing any facts relating to the conduct of any defendant. ECF No. 1-1 at 89. Plaintiffs provide no specific facts lending to a legal theory of liability.

Plaintiff's Amended Complaint does not contain factual content that allows the Court to draw the reasonable inference that the Kennewick Defendants are liable for the misconduct alleged. Plaintiff's claims are conclusory allegations and are not supported by facts, nor reasonable deductions and inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Plaintiff alleges no specific acts by any defendant to raise the right to relief above the speculative level. Plaintiff makes assertions that certain Kennewick Defendants either acted

unlawfully or intentionally refused to act but do not allege a personal duty or provide sufficient factual matter to show a breach of that duty.

Therefore, the Court dismisses all remaining claims against the Kennewick Defendants.

**C. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Dismissal of a pro se complaint for failure to state a claim is proper only

where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Lopez*, 203 F.3d at 1124.

For the reasons stated, the Court finds that Plaintiff cannot prevail on his claims against the Kennewick Defendants, and it would be futile to give Plaintiff another opportunity to amend his already Amended Complaint. The Court determines that there are no set of facts Plaintiff could allege to overcome immunity or to state a plausible cause of action.

Plaintiff has been served with the Kennewick Defendants' motion to dismiss, as well as five other motions to dismiss, and did not respond to a single one. Plaintiff was thus on notice, but refused to defend his inadequate filings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The Kennewick Defendants' Motion to Dismiss (ECF No. 23) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to the parties, and **CLOSE** the file.

**DATED** April 18, 2019.



THOMAS O. RICE
Chief United States District Judge